Case 18-16194-mdc    Doc 118    Filed 01/09/21    Entered 01/09/21 21:42:01    Desc Main
Document      Page 1 of 4


## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**In re:**

| | | |
|---|---|---|
| **VANCE A. EVANS,** | : | CHAPTER 13 |
| | : | |
| Debtor. | : | BANKRUPTCY NO. 18-16194-mdc |

### DEBTOR'S OBJECTION TO NOTICES OF MORTGAGE PAYMENT CHANGES FILED IN THE PERIOD BETWEEN 2019 AND 2021 BY MTGLQ INVESTORS, LP c/o RUSHMORE LOAN MANAGEMENT SERVICES, LLC

The Debtor, by and through his counsel, Regional Bankruptcy Center of Southeastern PA, P.C., objects to the series of Notices of Mortgage Payment Changes filed on December 17, 2019, April 30, 2020, November 10, 2020, and January 8, 2021, filed by MTGLQ Investors, LP c/o Rushmore Loan Management Services (hereinafter collectively "Lender"), and in support thereof respectfully represents as follows:

1.  Debtor filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code in this case on September 18, 2018.

2.  On or about November 21, 2018, Wells Fargo USA Holdings, Inc. (hereinafter "Wells Fargo") filed Proof of Claim No. 1, asserting a secured claim in the total amount of $92,834.01, with an alleged pre-petition arrearage of $12,384.37 (*see* copy of Proof of Claim No. 1, attached hereto and incorporated herein, marked as Exhibit "A").

3.  Included in the Part 4: Monthly Mortgage Payment, Wells Fargo asserted that the "Total Monthly Payment" was $1,099.87, based upon a September 27, 2018 escrow analysis (see Claim No. 1, Part 2, pp. 34-36), an increase from the regular monthly mortgage payment of $986.42 just prior to the Petition date.

4.  On August 1, 2019, Claim No. 1 was transferred from Wells Fargo to MTGLQ Investors, LP ("MTGLQ") c/o Rushmore Loan Management Services (*see* copy of Transfer of

Claim Other Than for Security, attached hereto and incorporated herein, marked as Exhibit "B").

5. When Claim No. 1 was transferred from Wells Fargo to MTGLQ on or about August 1, 2019, Rushmore Loan Management Services began billing the Debtor at the monthly mortgage payment rate of $1,166.30, without any explanation of the increase from either the amount Debtor was paying pre-petition, $986.42 per month, or the amount claimed by Wells Fargo to be the monthly payment amount in Part 4 of the Official Form 410A attachment to Wells Fargo's Proof of Claim No. 1., $1,099.87.

6. Before a mortgagor in Chapter 13 can be required by a mortgagee to make an increased monthly mortgage payment for his/her primary residence, the mortgagee is required to send a Notice of Mortgage Payment Change in accordance with Bankruptcy Rule 3002.1(b).

7. In conjunction with sending a debtor the notice required under Bankruptcy Rule 3002.1(b), the mortgagee must also comply with the Real Estate Settlement Procedures Act, 12 U.S.C. §2601 *et seq.*, and Regulation Z, 12 C.F.R. Part 1026, by conducting an escrow analysis and setting a monthly mortgage payment amount in accordance with the rules governing such analyses.

8. MTGLQ failed to send any such escrow analysis to the Debtor prior to attempting to impose the higher monthly mortgage payment on the Debtor per the monthly mortgage statements sent to the Debtor by Rushmore Loan Management Services, and therefore was out of compliance with the Real Estate Settlement Procedures Act, 12 U.S.C. §2601 *et seq.*, and Regulation Z, 12 C.F.R. Part 1026.

9. The Debtor filed an Objection to Proof of Claim No. 1 on October 23, 2019.

10. Thereafter, on December 17, 2019, MTGLQ filed a Notice of Mortgage Payment Change, claiming that the regular monthly mortgage payment had increased to $1,175.99, without adequate support for the increase based upon an alleged escrow shortage that required an increase of $120.78 in the escrow portion of the regular monthly mortgage payment, increasing the overall escrow portion of the regular monthly mortgage payment from $371.61 to $492.39

(*see* copy of Notice of Mortgage Payment Change filed on December 17, 2019, attached hereto and incorporated herein, marked as Exhibit "C").

11. On April 30, 2020, MTGLQ filed a Notice of Mortgage Payment Change, claiming that the regular monthly mortgage payment had decreased to $1,161.66, but without reducing the escrow portion of the regular monthly mortgage payment, which remained at $492.39 (*see* copy of Notice of Mortgage Payment Change filed on April 30, 2020, attached hereto and incorporated herein, marked as Exhibit "D").

12. On November 10, 2020, MTGLQ filed another Notice of Mortgage Payment Change, claiming that the regular monthly mortgage payment had decreased to $1,105.87, but again without reducing the escrow portion of the regular monthly mortgage payment, which remained at $492.39 (*see* copy of Notice of Mortgage Payment Change filed on November 10, 2020, attached hereto and incorporated herein, marked as Exhibit "E").

13. On January 8, 2021, MTGLQ filed another Notice of Mortgage Payment Change, claiming that the regular monthly mortgage payment had decreased further to $1,080.79 (*see* copy of Notice of Mortgage Payment Change filed on January 8, 2021, attached hereto and incorporated herein, marked as Exhibit "F"). The reduction was in part due to a small reduction in the escrow portion of the regular monthly mortgage payment, which was reduced from $492.39 to $467.31, but still included $91.28 in the escrow portion of the regular monthly mortgage payment toward an alleged shortage without adequate support, causing the overall escrow portion of the regular monthly mortgage payment to be $467.31 rather than the escrow portion of $376.03 needed to cover current real estate taxes and insurance disbursements.

14. The Debtor's alleged regular monthly mortgage payment remains at $1,080.79, an increase of $94.37 above the $986.42 regular monthly mortgage payment that the Debtor paid pre-petition, despite a significant drop in the interest rate in accordance with the terms of the variable rate Note.

15. MTGLQ cannot impose changes in the regular monthly mortgage payment on the

Debtor absent compliance with both Bankruptcy Rule 3002.1(b) and the Real Estate Settlement Procedures Act, 12 U.S.C. §2601 *et seq.*, along with Regulation Z, 12 C.F.R. Part 1026.

16. The Court should disallow any changes from the regular monthly mortgage payment that the Debtor paid pre-petition, whether attributable to either the principal and interest portion of the Debtor's regular monthly mortgage payment (the interest rate is variable per the Note), or in the escrow portion of the regular monthly mortgage payment, until and unless the holder or servicer of Debtor's mortgage shall comply with Rule 3002.1(b) and send the Debtor an escrow account disclosure statement in accordance with the Real Estate Settlement Procedures Act, 12 U.S.C. §2601 *et seq.*, and Regulation Z, 12 C.F.R. Part 1026, that justifies any changes in the regular monthly mortgage payment amount.

WHEREFORE, the Debtor prays this Honorable Court to enter the Proposed Order accompanying the Objection limiting the ability of MTGLQ/Rushmore Loan Management Services, or the current holder/servicer of Debtor's mortgage loan, without adequate documentation in compliance with Rule 3002.1(b) and the Real Estate Settlement Procedures Act, 12 U.S.C. §2601 *et seq.*, and Regulation Z, 12 C.F.R. Part 1026.

Respectfully submitted,
REGIONAL BANKRUPTCY CENTER OF
SOUTHEASTERN PA, P.C., by:

_____
Roger V. Ashodian
Attorney ID #42586
101 West Chester Pike, Suite 1A
Havertown, PA  19083
(610) 446-6800

<u>Attorney for Debtor/Objector</u>